IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CAROL CLOVER,

    Plaintiff,

v.                                            CASE NO. 1:06-cv-00225-MP-WCS

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____/

## **O R D E R**

This matter is before the Court on Doc. 18, Report and Recommendation of the Magistrate Judge, recommending that the Commissioner of Social Security's decision denying Plaintiff's applications for supplemental security income benefits filed under Title XVI of the Social Security Act, be affirmed. The Magistrate Judge filed the Report and Recommendation on Wednesday, October 3, 2007. The parties have been furnished a copy of the Report and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made. In this instance, however, no objections were made.

After an administrative hearing, the Administrative Law Judge ("ALJ") found that because Plaintiff could still do her past relevant work as a cashier and a clerk, she was not disabled under the Social Security Act. Under 42 U.S.C. § 405(g), the Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied. Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). Plaintiff contends that the Commissioner's decision is not supported by substantial evidence because the ALJ failed to consider her subjective complaints of pain.

During the administrative hearing, Plaintiff presented the opinion of Dr. Zimmer, who was not Plaintiff's treating physician, as well as the medical notes of her treating physician and other doctors.  The opinion of Dr. Zimmer was that Plaintiff's "ability to perform work related functions, such as standing, walking and lifting are probably impaired by . . . chronic leg pain secondary to osteoarthritis."  The ALJ discounted Dr. Zimmer's opinion as "inconsistent with his examination and are not supported by objective medical findings."   Specifically, the ALJ noted that Dr. Zimmer had examined the Plaintiff on only one occasion, and that his conclusions appear to be based on the Plaintiff's subjective complaints, rather than on objective medical findings.  Because these subjective complaints and symptoms were beyond what could be expected from the objective findings, the ALJ discounted Plaintiff's complaints as not credible.  The opinions of the other physicians supported the ALJ's finding that Plaintiff could perform her past relevant work.  Based on this, the Court agrees with the Magistrate that the opinion of the ALJ was supported by substantial evidence.  Therefore, having considered the Report and Recommendation, I have determined that it should be adopted.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation, Doc. 18, is adopted and incorporated by reference in this order;

2. The decision of the Commissioner denying benefits is AFFIRMED.

**DONE AND ORDERED** this   *2nd* day of November, 2007

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge